IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20852
Summary Calendar
_____


JIMMY MARK APPLEMAN,

                                        Plaintiff-Appellant,


versus

ADMINISTRATORS JOHN SEALY HOSPITAL ET AL.,

                                        Defendants,

NOEL SHELTON; J.W. CAMPBELL; MARVIN CARTER;
WILLIAM H. REINKENS; BOBBY MELVIN VINCENT, Dr.;
I.A. MASTERS, Dr.,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
CA-H-90-3193)
- - - - - - - - - -
September 25, 1996
Before KING, JOLLY, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Jimmy Mark Appleman, Texas prisoner #334182, appeals from

the summary judgment for all of the defendants in his civil

rights action except James Luke and from the take-nothing default

judgment entered against Luke.  Appleman contends that the

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

district court erred by entering default judgment against Luke; that the magistrate judge erred by not deeming certain unanswered requests for admissions to be conclusively established facts; that the district court erred by granting summary judgment for the defendants other than Luke; that the district court failed to construe his submissions liberally; that the district court erred by denying his motion for a temporary restraining order (TRO) or injunctive relief; and that he was transferred and harassed shortly before the hearing on damages related to the default judgment against Luke.

Appleman requested entry of a default judgment against Luke. This court will not reverse on the basis of invited error. *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1137 (5th Cir. 1992).

The denial of Appleman's request to have his December 1994 requests for admissions deemed to be conclusively established facts was not an abuse of discretion. *See Scott v. Monsanto Co.,* 868 F.2d 786, 793 (5th Cir. 1989). The return receipt card on which Appleman relies does not disprove the defendants' allegation that the mailing they received did not contain any request for admissions.

Appleman does not frame his contentions regarding the grant of summary judgment in terms of the relevant legal standards for summary judgment, retaliation, or official-capacity actions. Nor does he discuss the factual bases of his contentions. He has

failed to brief his summary judgment contentions for appeal. *Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995). Appleman has not demonstrated that the outcome of the summary judgment proceeding would have been different had the district court somehow construed his submissions more liberally.

Appleman provides no factual or legal arguments regarding his contentions that the district court erred by denying his motion for a TRO or injunctive relief and that the district court erred by siding with defendant Luke after the default hearing at which Luke was not present. He has failed to brief his issue for appeal. *Grant*, 59 F.3d at 524-25.

Appleman has not indicated how any transfer or harassment immediately before the damages hearing was relevant to the issue of damages available to Appleman because of the default judgment, the sole relevant issue at the default-judgment hearing. Appleman has not demonstrated any error resulting from the alleged failure of the district court to consider the alleged transfer and harassment.

AFFIRMED.